CHARLES H. MAGOON *vs.* EDMUND DAVIS.

Somerset.    Opinion January 13, 1892.

*Deed.    Dividing Line.    Town Line.    Adverse Occupation.    R. S., 1871,
c. 3, § 43.*

In a real action it appeared that the parties owned adjoining lots in the towns of Skowhegan and Cornville, and the contention was the location of the dividing line, the deeds of both parties, as early as 1827, recognizing the town line as the boundary. The issue by the pleadings presented the question of title to a narrow strip of land from one to two rods wide claimed by the plaintiff and alleged to be in the defendant's possession, the defendant having duly disclaimed title to the land lying south of a certain fence and claiming only the land lying north of it by adverse possession. *Held*; that the burden was upon the plaintiff to prove that he had title to the strip of land in controversy and so entitled to judgment for its possession as against the defendant. *Held, also*, that while the proceedings of the commissioners appointed in 1877, by the Supreme Judical Court, under R. S., 1871, c. 3, § 43, to ascertain and determine the town line may be competent evidence to show the location of monuments, &c., indicating the location of that line, it is not conclusive upon adjoining owners, holding under deeds running back to 1827, and it appearing that the parties had no notice of the proceedings nor opportunity to be heard.

Of the mutual recognition of dividing lines.

ON REPORT.

This was a real action tried by the presiding justice without a jury. The matter in dispute is the dividing line between the plaintiff's land and the land of the defendant. The plaintiff's land lies in the extreme northwest corner of Skowhegan, and the defendant's in the extreme southwest corner of the adjoining town of Cornville.

The plaintiff claimed that the line between the two towns is the line between his and the defendant's land; that in 1867 the line between the two towns was ascertained and determined by commissioners appointed by the Supreme Judicial Court; and that the line so ascertained and determined is to be deemed in every court, and for every purpose, the true dividing line between the towns; that such is the express language of the R. S., c. 3, § 67.

To this the defendant replied that, while such may be the law when the line, as a town line is called in question, such is not

the law when the line between the owners of private lands is in question; and without admitting that the line established by the commissioners is the true town line, or that their proceedings were regular and according to law, he claimed that for more than forty years a fence has existed between his land and the plaintiff's, up to which he and those through whom he claims. have occupied, openly, notoriously, exclusively and adversely,. thereby establishing the line of said fence as the true and legal line between their lands.

The presiding justice viewed the premises, heard the evidence,. and then, by consent of the parties, reported the case to the law court for decision.

*Walton and Walton*, for plaintiff.

The town line, between the two towns, is the true line between. the parties. R. S., c. 3, § 67; *Bethel* v. *Albany*, 65 Maine,. 200; and conclusive upon the parties. It has been ascertained by proper persons and under proper process. Defendant knew from his deeds he bought to the town line, recognized as the division. line. Adverse possession: *Worcester* v. *Lord*, 56 Maine,. 265; *Dow* v. *McKenney*, 64 *Id.* 138. Defendant has no title beyond his deed and cannot claim beyond it. *Carville* v. *Hutchins*, 73 Maine, 227.

*Merrill and Coffin*, for defendant.

Plaintiff has failed to show by competent evidence where the town line was. Commissioner's report not admissible. Court did not give notice to all parties concerned before appointing them, but to the selectmen only. Plaintiff has not shown that the town line is north of the fence, or that the right of entry, if one ever existed, accrued within twenty years.

Adverse possession: *Chaplin* v. *Barker*, 53 Maine, 275; *Altemas* v. *Campbell*, 9 Watts, 28 (S. C. 34 Am. Dec. 496); *Johnson* v. *Irwin*, 3 S. & R. 291; *Royer* v. *Benlow*, 10 S. & R. 303; *Prop'rs Ken. Pur.* v. *Springer*, 4 Mass. 418; *Sparhawk* v. *Bullard*, 1 Met. 100; *Barker* v. *Salmon* 2 Met. 32; *Bates* v. *Norcross*, 14 Pick. 224; *Sumner* v. *Stevens*, 6 Met. 337, approved in *Jewett* v. *Hussey*, 70 Maine, 435; *Lockwood*

v. *Lawrence*, 77 Maine, 297 ; *Martin* v. *M. C. R. R. Co.* 83 Maine, 100, and cases cited.

LIBBEY, J.    This is a writ of entry.    The parties own adjoining lots in the towns of Skowhegan and Cornville.    The contention between them is the location of the dividing line between their lots.    The issue as made up by the pleadings presents the question of title to a narrow strip of land from one to two rods in width, which the plaintiff alleges is a part of his lot and is in the possession of the defendant.    The plaintiff takes upon himself the burden of proving that he has the title to the strip of land in controversy, and having the title has a right to a judgment for its possession as against the defendant who he says has no title but that of possession.

The title deeds to the lots of land owned by the parties recognize the dividing line to be the line between the towns of Skowhegan and Cornville.    The earliest title deed put in evidence is of the defendant's lot, dated September 12, 1827.    The real boundary by the title deeds, tracing the title through the several parties owning prior to the parties in this suit, is the location of the line between the towns named in 1827.    Neither party has put in evidence the acts incorporating the two towns named, which we assume describe the line between the towns, so we have not that piece of evidence before us.

In 1877, proceedings were had in the Supreme Judicial Court, on the petition of the selectmen of the town of Cornville for the establishment and marking of the line between the towns of Cornville and Skowhegan under the provisions of our statute, on the ground that the two towns were not able to agree upon the location of the line.    After notice to the two towns a commission was appointed by the court to examine and locate the line between the towns.    They did so and made their report to the court, which was duly accepted.    The plaintiff claims that the line as marked and located by that commission is conclusive evidence of its location as between himself and the defendant.

This the defendant's counsel do not admit, but maintain that the report of the commissioners is not only not conclusive

between adjoining owners but that it is not competent evidence upon that issue.

It does not appear that these parties had any notice of the proceedings of the commissioners, had any opportunity to be heard before them or in the court, and therefore, while until a new commission shall be appointed under the statute to locate the line, the line thus located is conclusive between the towns, we do not think it is conclusive between adjoining owners who are bounded by the town line by deeds running back to 1827. So far as the proceedings of the commissioners tend to show the location of monuments or objects upon the earth indicating the location of the line prior to 1877, it may be competent evidence, but it is not conclusive. To give it the force of a judgment between the parties would be binding them in regard to the location of their lines without notice and without an opportunity to be heard.

We think, therefore, that the testimony of one of the commissioners tending to show what monuments they found, tending to prove the location of the line, can be considered only as evidence with the same weight as if the evidence came from other parties than the commissioners. We must, therefore, consider all the evidence in the case tending to show the location of the line between the parties, in accordance with the deeds of their titles.

The evidence tends to show, and is we think uncontradicted, that the defendant and the owners of his lot before him had had the occupation and possession of the strip of land in controversy marked by a division fence built and maintained by the parties, some portions of it of a permanent character, for more than forty years, and that both parties in their occupation of the lots had conformed to the line as indicated by the division fence.

The burden is upon the plaintiff to prove the location of the town line by evidence strong enough to overcome the inference to be drawn from this long occupation. While if the occupation was by mistake of the location of the line, neither party claiming to own beyond the town line, it might not be conclusive

evidence of title by adverse possession, still in a case like this where the question to be determined is the location of an ancient line established when the country was new and but little settled, by surveys that were not generally accurate, being made through the woods by the use of the common compass, well known to be imperfect and more or less affected by minerals in the immediate vicinity, marked by monuments perishable in their character, liable to decay by the action of the elements, liable to be destroyed and removed in the clearing of the land for cultivation, so that at the end of forty or fifty years their original location cannot generally be established, the occupation and possession of the owners of lots by dividing fences erected soon after the establishment of the lines, when the location of the line may generally be better ascertained and understood than it can possibly be years afterwards, is entitled to great weight in determining the question. And, in cases of doubt, we think the fact of the mutual occupation of the parties, the mutual recognition of the line as indicated by their occupation and dividing fences, should prevail over the uncertainty which arises in any attempt by the running of lines so many years after the original survey, to establish the true line between the parties.

From a careful consideration of all the evidence submitted, we think the plaintiff has failed to prove a better title to the land in controversy than the defendant's possession.

*Judgment for defendant.*

PETERS, C. J., WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.